UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20649-CIV-HUCK

LUIS ENRIQUE GONZALEZ,

    Plaintiff,
vs.

UNIDAD OF MIAMI BEACH, INC.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant Unidad of Miami Beach's Motion to Dismiss With Prejudice for Failure to State a Claim and Lack of Subject Matter Jurisdiction (D.E. # 13), filed May 25, 2011. In the Complaint (D.E. # 1), Plaintiff Luis Enrique Gonzalez seeks recovery of unpaid overtime wages and related damages under the Fair Labor Standards Act. For the reasons discussed below, the Court denies the Motion.

**I.     FACTUAL BACKGROUND[1]**

Plaintiff Luis Enrique Gonzalez was employed as a job developer for Unidad of Miami Beach ("Unidad") from approximately April 8, 2008 until August 30, 2010. Gonzalez often worked for Unidad in excess of forty hours a week. Unidad did not compensate Gonzalez at one and one-half times his regular rate of pay for the hours he worked in excess of forty hours a week as prescribed by the Fair Labor Standards Act ("FLSA") in 29 U.S.C. § 207(a)(1). Plaintiff Gonzalez, individually, and other employees of Unidad, handled, sold, or worked with materials that were moved or produced in interstate commerce. Unidad's gross annual revenues for 2009 exceeded $500,000.

**II.    ANALYSIS**

---

[1]The following factual allegations, taken from Plaintiff's Complaint, are accepted as true for purposes of ruling on Defendant's Motion to Dismiss.

1

Defendant Unidad moves to dismiss Plaintiff's single-count Complaint. Unidad argues that Plaintiff's claim lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and fails to state a claim for relief pursuant to Rule 12(b)(6). Generally, a district court reviewing a Rule 12(b)(1) motion may consider evidence extrinsic to the complaint and resolve any factual dispute amongst parties to determine whether dismissal is proper. *Morrisson v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003), *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). However, when "the facts necessary to sustain jurisdiction . . . implicate the plaintiff's cause of action," then "the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under Rule 12(b)(6). *Garcia v. Copenhaver, Bell & Assoc.*, 104 F. 3d 1256, 1261 (11th Cir. 1997). Based on information extrinsic to the Complaint, Unidad asserts that Gonzalez's claim lacks subject matter jurisdiction because there is neither individual nor enterprise coverage under the FLSA.[2] When a party raises an FLSA jurisdictional challenge, "determining the existence of individual or enterprise coverage implicates both the Court's jurisdiction and a requisite element of Plaintiff's FLSA claim." *Diaz v. Solmar Restaurant, Inc.*, No. 08-21379-CIV-BSS, 2008 WL 5787709, at *1 (S.D. Fla. Dec. 2, 2008), *see Heckert v. 2495 McCall Road Corp.*, No. 07-CV-00310, 2008 WL 508079, at *4 (M.D. Fla. Feb. 21, 2008). Because the facts necessary to sustain jurisdiction go to the heart of whether the Complaint fails to state a claim, the Court accepts jurisdiction as established and proceeds under Rule 12(b)(6).

The FLSA applies to an employer-employee relationship based on the interstate commercial activity of the individual employee ("individual coverage") or of the business enterprise ("enterprise coverage"). To state a claim arising under the FLSA individual coverage provision, a complaint must contain factual allegations demonstrating that as an employee, plaintiff was engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). Gonzalez alleges that he "was engaged in commerce or in the production of goods for commerce within the meaning of . . . the Act, 29 U.S.C. § 203(b) and (j)." (Compl. ¶ 4.) To state a claim arising under the FLSA

---

[2]As to individual coverage, Unidad relies on a job description attached to its Motion. As to enterprise coverage, Unidad refers to its status as a nonprofit corporation and cites figures from its financial statements. None of this information is alleged in Plaintiff's Complaint.

enterprise coverage provision, a complaint must contain factual allegations showing that the defendant was an enterprise engaged in commerce or in the production of goods for commerce, such that it "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and the employer's "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. §§ 203(s)(1), 207(a)(1). Plaintiff alleges that Unidad was "an enterprise engaged in commerce or in the production of goods for commerce" who "regularly orders goods and materials that come from outside the State of Florida" and whose "gross revenues for 2009 exceeded $500,000 per year." (Compl. ¶¶ 5–7.)

Defendant Unidad asserts that the allegations regarding enterprise coverage are conclusory. Specifically, Unidad argues that Plaintiff provides insufficient factual support as to the corporation's relation with commerce and its annual revenue. However, Eleventh Circuit case law establishes that "the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008). This Court has previously held that a complaint alleging that defendants' employees "regularly sold, handled, or otherwise worked on goods and/or materials that had been moved or produced for commerce," and that defendant "was an enterprise engaged in commerce . . . as defined by the FLSA," was sufficient under the pleading standards of Rule 8(a) as interpreted in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). *Schlinsky v. Action Video Prods., Inc.*, No. 09-CV-61779, 2010 U.S. Dist. LEXIS 2430, at *5 (S.D. Fla. Jan. 13, 2010); *see Iqbal*, 129 S. Ct. at 1949 ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). In terms of sufficiency of factual matter, Plaintiff's Complaint is comparable to the well-pled complaint in *Schlinsky*, and accordingly, the Court finds that it is sufficient under the federal pleading standard.

Defendant additionally contends that the Complaint necessarily fails to state a valid FLSA claim based on facts first introduced in its Motion to Dismiss.[3] However, the Court must disregard

---

[3] Defendant introduces evidence that Unidad is a 501(c)(3) non-profit corporation whose revenues derive from government grants. The Court must not consider outside evidence at this time, but notes that Defendant's argument that a corporation's non-profit status or revenue sources bar a FLSA claim is misplaced. The FLSA is intended to regulate all business, for-profit and non-profit alike, that "engage in ordinary commercial activities." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296–97 (1953). "The statute contains no express or

this argument at present because it relies of facts from outside of the Complaint. Therefore, the Court finds that Plaintiff's Complaint states a claim upon which relief can be granted.

### III. CONCLUSION

For the reasons discussed above, Defendant Unidad of Miami Beach's Motion to Dismiss With Prejudice for Failure to State a Claim and Lack of Subject Matter Jurisdiction (D.E. # 13) is DENIED in its entirety. Defendant shall file an appropriate responsive pleading within 10 days from the date of this Order.

DONE and ORDERED in Chambers, Miami, Florida, on July 22, 2011.

_____
Paul C. Huck
United States District Judge

<u>Copies furnished to</u>:
Counsel of Record

---

implied exception for commercial activities conducted by religious or other nonprofit organizations, and the agency charged with its enforcement has consistently interpreted the statute to reach such businesses." *Id.*